UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUL SPA SEATTLE LLC,

        Plaintiff,

    v.

DAPHNE ERHART ,

        Defendant.

CASE NO. 2:24-cv-01029-JNW

ORDER TO SHOW CAUSE

The Court raises this matter of its own accord. With limited exceptions that do not apply here, plaintiffs must serve defendants with a summons and copy of the complaint within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4. Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Plaintiff Soul Spa Seattle LLC ("Soul Spa") filed its complaint on July 12, 2024, Dkt. No. 1, and the court granted Soul Spa leave to effect alternative service

ORDER TO SHOW CAUSE - 1

on May 28, 2025, Dkt. No. 14. Soul Spa filed an affidavit of service purporting to show service on Defendant Daphne Erhart on February 2, 2026, Dkt. No. 16. But this date falls well outside the 90-day window under Rule 4(m) whether measured from the filing of the complaint or from the grant of leave for alternative service.

Accordingly, the Court ORDERS Soul Spa to SHOW CAUSE within SEVEN (7) days of this order why this action should not be dismissed for failure to comply with Rule 4(m). If Soul Spa does not demonstrate good cause for its failure, the Court will dismiss this action without prejudice.

The Clerk of the Court will note this deadline on the Court's calendar.

Dated this 10th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 2